UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES FARBS, ) | No. CV 12-777 GW (FFM) |
| ) | |
| Petitioner, ) | ORDER RE SUMMARY |
| ) | DISMISSAL OF ACTION |
| v. ) | |
| ) | |
| MELVIN HUNTER, ET AL., ) | |
| ) | |
| Respondent. ) | |

On January 27, 2012, petitioner filed what is captioned a Petition for Writ of Habeas Corpus by a Person in State Custody.

As best the Court can glean from the face of the petition, petitioner's claims are not directed to the legality or duration of petitioner's current confinement. Rather, petitioner's claims are directed to conditions of confinement allegedly experienced by petitioner at California State Prison-Los Angeles County in Lancaster, California ("CSP-LA"). Petitioner appears to be contending that the officials at CSP-LA have taken his mail and have denied him meals on occasion.

The Writ of Habeas Corpus is limited to attacks upon the legality or duration of confinement. *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484-86 (1973)). "A civil rights action, in contrast, is the proper method of challenging 'conditions of . . . confinement.'"

*Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (quoting *Preiser v. Rodriguez*, 411 U.S. at 498-99); *see also Young v. Kenny*, 907 F.2d 874, 875 n.1 (1990). Petitioner's claims as presently alleged do not implicate the legality or duration of confinement, but rather concern the conditions of confinement.

The Court does have discretion to construe petitioner's habeas petition as a civil rights complaint. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971); *Hansen v. May*, 502 F.2d 728, 729-30 (9th Cir. 1974). *But cf.* 42 U.S.C. § 1997e (a) (requiring prisoners to exhaust administrative remedies before filing action with respect to prison conditions). In this instance, however, the Court chooses not to exercise such discretion, because it is not clear that petitioner has exhausted his administrative remedies.

Pursuant to Rule 4 of the Rules Governing Section 2254 cases in the United States District Court, it is therefore ordered that this action be dismissed without prejudice. To the extent petitioner intends by the current petition to challenge the legality or duration of his current confinement, petitioner is granted 30 days leave to file a First Amended Petition for Writ of Habeas Corpus.

DATED: February 3, 2012

_____
GEORGE H. WU
United States District Judge

Presented by:

 /S/ FREDERICK F. MUMM
  FREDERICK F. MUMM
United States Magistrate Judge